## HILL *v.* HODGE.

PATENTS; INTERFERENCE.

1. The question of the patentability of a claim in interference is not
   involved therein; *following* Hisey v. Peters, 6 App. D. C. 68,
   and Doyle v. McRoberts, 10 Id. 445.
2. The question of patentability of a claim in interference may be
   raised in the Patent Office against the successful party, after
   the determination of the interference proceeding.
3. As a general proposition, an inventor making any generic inven-
   tion necessarily produces some species of it, and the fact that
   he has never thought of other specific forms can not deprive
   him of his right to a broad claim. The inventor may not regard
   his invention at the time it is produced as any broader than
   his specific form, but the question for consideration is not as
   to his opinion, but is one of fact.
4. The testimony in an interference case *reviewed*, and *held* not to
   show an intention on the part of one of the applicants to dis-
   claim; and not to be of a nature to estop him from claiming
   an invention as broad as the issue.

Patent Appeals. No. 91. Submitted March 15, 1898. Decided April 12, 1898.

HEARING on an appeal from a decision of the Commis-
sioner of Patents in an interference proceeding.    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Raymond & Omohundro* for the appellant.

*Messrs. Gridley & Hopkins* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. This is an interference proceeding involving priority
in respect of certain claims of invention of an "improve-
ment in car-door guides."

As declared, the interference embraced four issues, on each
of which priority was awarded to the appellee, John Hodge,
by the examiner of interferences.

On appeal to the Examiners-in-Chief his decision was
affirmed as to three of the issues and reversed as to the

fourth.   Hodge acquiesced in this decision, and Hill did the same in respect of issue No. 2.   His appeal to the Commissioner was from the award of priority to Hodge as regards issues 1 and 3, which are defined as follows:

"1.  The combination with a car and its door, of a bracket engaged by said door, an anchor secured to the side of the car, and means whereby said anchor is concealed by said bracket and detachably connected therewith.

"3.  A combination with a car and its door, of an anchor, a bracket engaged by the door, provided with a hood or pocket, and having a slot in the rear face thereof of less width than the greatest width of the anchor and leading to said hood or pocket whereby the bracket may be slidingly connected with the anchor and the latter concealed thereby."

The Commissioner having decided against him, both issues are involved in this appeal from his decision.

2.  Appellant admits that if Hodge in fact invented the subject-matter of the issues his claim to priority over himself is established by the evidence.

But whilst admitting the superiority of Hodge's claim to his own as regards the subject-matter of issue No. 1, appellant denies his right to an award thereon, because, he says, that prior to Hodge's conception a device embodying the subject-matter thereof had gone into public use.   There is some evidence in the record tending to show that before Hodge conceived the idea at all, a car-door guide or bracket answering generally the description of the issue had been made by one Leeds, and had been used upon freight-cars of the Louisville and Nashville Railroad.

The Commissioner was right in refusing to entertain the issue of patentability.   That the question of patentability of the claim in interference is not involved therein has been time and again decided.   *Hisey* v. *Peters*, 6 App. D. C. 68, 71; *Doyle* v. *McRoberts*, 10 App. D. C. 445, 467, and cases cited therein.

After this controversy shall have been determined, the

12 Ct. App.—35

question of patentability may be raised in the Patent Office against the successful party. As a matter of fact, the Commissioner, though refusing to take cognizance of the issue of patentability, regarded the evidence of prior invention and public use by Leeds as sufficiently important to require him, in rendering his decision, to direct the primary examiner to inquire into and consider the question of patentability when the matter shall again come before him. When that question shall be raised, Hill will have no other interest in its decision than as one of the general public whose interests are under the protection of the Commissioner of Patents.

3. The anchor of the combination of Hodge, as described in issue No. 3, is firmly fastened in the body of the car. When the bracket is connected by sliding the anchor into the pocket by means of the slot, it will remain fixed in its place. Hill's anchor is so constructed that after sliding into the pocket of the bracket the latter will rotate thereon, except when withheld by the pressure of the closed car-door.

It is admitted that the issue is not limited to a rotative or nonrotative engagement between bracket and anchor, but is broad enough to cover both. Hodge's actual construction is limited to the nonrotative engagement, and his evidence shows that he did not have in contemplation any other specific form thereof. It may be conceded that he did not conceive the idea of the rotative engagement of the appellant's bracket and anchor. In respect of this the Commissioner said :

"In making any generic invention the inventor necessarily produces some species of it, and the fact that he has never thought of other specific forms cannot deprive him of his right to a broad claim. The inventor may not regard his invention at the time it is produced as any broader than his specific form, but the question for consideration is not as to his opinion, but is one of fact."

There is no doubt of the correctness of this as a general proposition. *Roberts* v. *Ryer*, 91 U. S., 150, 157; *Stow* v. *Chicago*, 104 U. S., 547, 550; *Miller* v. *Eagle Mfg. Co.*, 151 U. S., 186, 201.

4. The appellant admits the soundness of the foregoing proposition, but seeks to avoid its effect through the contention that Hodge has confined his claim of invention to the specific form of his device as constructed and has disclaimed the generic invention. It is not pretended that he has entered any formal or substantial disclaimer upon the files of the Patent Office; but the claim is that he has made it in his evidence in the case.

Passing by the questions whether the effect of a disclaimer can be attributed to the evidence of a party in a case like this for the benefit of his adversary, or whether, in the same interest, he can be held estopped thereby, we agree with the Commissioner that Hodge's evidence in respect of his conception of the invention does not show an intention to disclaim, and is not of a nature to estop him from claiming an invention as broad as the issue.

It would serve no useful purpose to set forth and review that evidence. We entirely agree with the Commissioner that it shows nothing more than that Hodge, when he conceived the invention and reduced it to practice, had in mind nothing more than the nonrotative engagement of anchor and bracket.

It follows that the decision appealed from must be affirmed. It is so ordered, and this decision, with the proceedings herein, as required by law, will be certified to the Commissioner of Patents. *Affirmed.*